IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRADFORD SALTERS,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG KING/KROGERS, TRAVIS CARROLL, JOHN KIELMAN, and DOUGLAS KILDOOR,<br><br>　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:09-cv-1001-CW-SA |

Before the Court is a Motion to Dismiss brought by Smith's Food and Drug King/ Krogers, Travis Carroll, John Kielman, and Douglas Kildoor, the four defendants in this case. (Doc. 10.) Defendants argue that, pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Complaint brought by Plaintiff Bradford Salters should be dismissed with prejudice because the claim asserted therein fails as a matter of law and is time-barred. Having carefully reviewed the parties' pleadings and having heard oral arguments in this case, the Court recommends that Defendants' motion be granted.

## BACKGROUND

This case arises out of an incident that occurred on December 24, 2005, at Smith's Marketplace in Bountiful, Utah, when Mr. Salters was detained by store employees until police arrived. Mr. Salters had attempted to pass a forged and stolen check at the store.

Mr. Salters filed a previous complaint while incarcerated at the Central Utah Correctional Facility. That December 4, 2008 complaint was dismissed by this Court for insufficiency of process and failure to properly and timely serve Defendants. *See* Docket No. 2:08-CV-901-DAK-DN. Mr. Salters filed this new action after he apparently was released from prison.

Mr. Salters filed his Complaint in this action on November 10, 2009. (Doc. 3.) In his Complaint, Mr. Salters describes the nature of his case as follows: "I was being detained and didn't believe I was being treated fairly and when I stopped resisting the employee's [sic] choked me to unconsciousness." (Doc. 3, at 3.) The only claim Mr. Salters specifically alleges (as Count I) is "assaulted, excessive force." As support for that claim, Mr. Salters alleges the following: "The defendant John Kielman sat on [my] back and proceeded to choke me while Travis Carroll and Douglas Killdoo held my arms. I then said I'm not resisting [any]more and John Kielman said that [is] not good enough." (*Id.*, at 4.) Mr. Salters' Complaint alleges that as a result of the alleged incident, Mr. Salters "now suffer[s] brain damage from no oxygen to [his] brain." (*Id.*, at 5.)

## ANALYSIS

Mr. Salters' Complaint states that it is brought pursuant to 42 U.S.C. § 1983. (Doc. 3, at 1). In order to recover under Section 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words, "the party charged with the deprivation must be a person who . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.*; *see also* 42 U.S.C. § 1983 (describing cause of action perpetrated by a person acting under color of state law); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Otherwise, "private parties could

face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Lugar*, 457 U.S. at 937.

Mr. Salters has not shown that Defendants acted under color of state law or were in any way state actors. Mr. Salters' argument, made during his oral argument to the Court, that Defendants stopped being store clerks and took on the roll of police officers when they pursued and detained him, is simply not enough to show that Defendants were acting under color of state law; Defendants were not police officers merely because they chased and detained Mr. Salters. Because Mr. Salters has not successfully shown that Defendants were acting as state actors in any way, his civil rights claim fails.

The only cause of action Mr. Salters alleges in his Complaint is assault resulting in bodily injuries that occurred on December 24, 2005, a state cause of action. Section 78-12-29(4) of the Utah Code provides: "an action may be brought within one year: . . . (4) for libel, slander, assault, *battery*, false imprisonment, or seduction." Utah Code. Ann. § 78-12-29(4) (emphasis added).[1] Thus, Mr. Salters was required to bring this action within one year of when the claims accrued. Although his claim accrued on December 24, 2005, Mr. Salters did not file his initial action until November 2008, nearly three years after the incident (Docket No. 2:08-CV-901-DAK-DN, Doc. 4); further, Mr. Salters did not file the instant action until November 2009, nearly four years after the 2005 incident. Consequently, Mr. Salters' assault action against Defendants is time-barred.

---

[1] Section 78-12-29(4) has been amended and renumbered as Section 78B-2-302 of the Utah Code; however the version recited above was the version in effect in 2005 when Mr. Salters' cause of action accrued on December 24, 2005. The one-year time period is thus the applicable statute of limitations for Mr. Salters' claims. *See Roark v. Crabtree*, 893 P.2d 1058, 1062-63 (Utah 1995).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss (**Doc. 10**) be **GRANTED**.

Copies of this Report and Recommendation are being sent to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 8th day of September, 2010.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge